**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
Lynchburg Division**

In re ANDREA GREEN CLAUDEN,    )    Case No. 07-61438-LYN
                               )
            Debtor.            )
                               )

**MEMORANDUM DECISION AND ORDER**

This matter comes before the Court on an objection to the confirmation of the Debtor's chapter 13 plan by ABL Company LLC dba D&K Auto Sales ("D&K").

This court has jurisdiction over this matter.  28 U.S.C. §§ 1334(a) & 157(a).  This is a core proceeding.  28 U.S.C. § 157(b)(2)(A)&(E).  Accordingly, this court may render a final order.  This memorandum shall constitute the Court's findings of fact and conclusions of law as directed by Fed.R.Civ.P. 52 which is made applicable in this contested matter by Fed. R. Bankr. P. 9014(c) and 7052.

*Facts*

On August 1, 2007, the Debtor filed a chapter 13 petition.  She scheduled a 2000 Lincoln LS ("the Vehicle") as property of the estate.  The Vehicle serves as collateral for a debt owed to D&K.  The Debtor scheduled the D&K claim in the amount of $9,600.00.

Either shortly before, or shortly after, the debtor filed her petition, D&K electronically disabled the vehicle.  The Debtor filed a motion for an order to show cause why D&K should not

be held in contempt, in which the Debtor asserted, among other things, that her plan provided for the payment of the D&K claim through the Chapter 13 plan.  A hearing was held on October 3, 2007.  Control of the Vehicle was returned to the Debtor.  A second hearing was held on November 7, 2007, at which sanctions were awarded against D&K.

The Debtor also filed a chapter 13 plan on August 1, 2007 ("the First Plan").  The First Plan provided for payments to D&K in the amount of $200.00 per month for 52 months.  The plan did not explicitly provide for the payment of interest on the claim.

Paragraph 11 of the First Plan provided that the Debtor would make adequate protection payments directly to D&K in the amount of 1% of the value of the collateral "as noted below".  Paragraph 11 also provided that the payments would be made only if D&K filed an "allowed secured claim[] within the first 30 days of the date of filing of the underlying secured claim that is being paid by the Trustee" pursuant to the First Plan [sic].  Paragraph 11 continued: "[s]hould no allowed claim be filed by secured claimant within 30 days of the date of filing of the Bankruptcy, then no Adequate Protection payment will be made to that creditor."

On October 15, 2007, the Debtor filed an amended plan ("the Second Plan") that, like the First Plan, provided in paragraph 3 for payments to D&K in the amount of $200.00 per month for 52 months.  In the Second Plan, the Debtor deleted all of the language that had been in Paragraph 11 in the First Plan.  In the Second Plan, the default language in Paragraph 3 provides that "[m]onthly payment stated here shall be the adequate protection payments pursuant to 1326(a)(1)(C) to these creditors unless otherwise provided in paragraph 11 or by separate order of the Court."

Also on October 15, 2007, the Debtor filed a Special Notice Regarding Adequate

2

Protection, as required by Standing Order #9 of this Court, advising D&K that it would be paid an adequate protection payment in the amount of $13.00 from the chapter 13 trustee each month. The certificate of service of the adequate protection notice was dated July 11, 2007, three weeks before the debtor filed her petition. The chapter 13 trustee advised the Debtor that the Special Notice should be withdrawn because it conflicted with a provision in the Second Plan.

On November 13, 2007, D&K timely filed a proof of claim and on November 14, 2007, filed an objection to the Second Plan.

On November 23, 2007, the Debtor filed another amended plan ("the Third Plan") that proposed to treat the D&K claim by surrendering the Vehicle in satisfaction of the secured portion of the claim.

On December 5, 2007, a hearing was held on the confirmation of the Third Plan. D&K objected, asserting that the chapter 13 trustee should be required to pay it the adequate protection payments that the Debtor had paid to the chapter 13 trustee. The chapter 13 trustee opposes D&K's objection to confirmation.

On December 19, 2007, the Debtor filed another amended plan ("the Fourth Plan") that also proposed to surrender the Vehicle. D&K objects to confirmation asserting that it should receive the adequate protection payments that were made to the chapter 13 trustee. The chapter 13 trustee disagrees with this assertion.

*Discussion*

The issue before the court is whether a chapter 13 trustee should be required to pay to a secured creditor adequate protection payments required under Section 1326(a)(1)(C) when (a) those payments have been made to the chapter 13 trustee by the debtor; (b) the debtor has

3

initially indicated that the collateral would not be surrendered; and (3) the debtor has subsequently surrendered, or expressed an intent to surrender the collateral. If it is determined that the secured creditor is entitled to the adequate protection payments, then it must be determined the amount of each payment, and the date after which the creditor is not entitled to any such payments.

*The Creditor's Right to the Adequate Protection Payments.* We begin with the required treatment of secured claims in chapter 13. Before a chapter 13 plan my be confirmed, with respect to each allowed secured claim, either (1) the holder of the claim must accept the plan, or (2) the plan must provide that the debtor retains the collateral, the creditor retains its lien, and the debtor pays the entire amount of the secured claim during the pendency of the plan; or (3) the plan must provide for the surrender of the collateral to the creditor. 11 U.S.C. § 1325(a)(5).[1]

---

[1] Section 1325(a)(5) provides:

(a) Except as provided in subsection (b), the court shall confirm a plan if--
    (5) with respect to each allowed secured claim provided for by the plan--
        (A) the holder of such claim has accepted the plan;
        (B)(I) the plan provides that--
            (I) the holder of such claim retain the lien securing such claim until the earlier of--
                (aa) the payment of the underlying debt determined under nonbankruptcy law; or
                (bb) discharge under section 1328; and
            (II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;
        (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and
        (iii) if–
            (I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and
            (II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or
        (C) the debtor surrenders the property securing such claim to such holder;

If a debtor elects to retain the collateral, then he or she must commence making payments not later than thirty days after the filing of the petition that provide adequate protection to each creditor who holds an allowed claim secured by personal property.  See 11 U.S.C. §1326(a)(1)(C).

Standing Order #9 for the Bankruptcy Courts for the Western District of Virginia provides that a chapter 13 debtor may provide in the plan that payments to be made under Section 1326(a)(1)(C) shall be made by the debtor to the chapter 13 trustee as part of the total payment to the trustee, who shall disburse the amounts provided for by the plan as pre-confirmation adequate protection payments(s) to the applicable creditor holding an allowed claim secured by personal property promptly prior to confirmation, unless and until the Court, after motion, notice and opportunity for a hearing, orders otherwise.

The purpose of adequate protection payments is to protect a secured creditor from the depreciation of its collateral from the date that a debtor files his or her petition until the debtor begins making monthly payments to the trustee on account of the secured claim.  The Bankruptcy Code provides that the payments are to be made directly to the secured creditor.  See 11 U.S.C. § 1326.

In this case, the Debtor made the payments directly to the chapter 13 trustee, not D&K, as is permitted by Standing Order #9.  If Standing Order #9 did not exist, the Debtor would have made the payments directly to D&K and this dispute would not be before the Court.  The purpose of Standing Order #9 was to improve procedural efficiencies in the administration of chapter 13 cases.  There was no intent to alter the substantive rights of either debtors or creditors by adopting Standing Order #9.  Indeed, any such effect would be improper on a number of

grounds.

If the Debtor had made the adequate protection payments directly to D&K, it would be entitled to keep the payments. D&K is no less entitled to the payments because they were made instead to the chapter 13 trustee. Accordingly, it is determined that adequate protection payments made to a chapter 13 trustee under the circumstances present in this case must be forwarded to the secured creditor.

The chapter 13 trustee argues that Section 1326(a) does not require the court to direct that adequate protection payments be paid to a creditor that does not hold an allowed secured claim.

Section 1326(a) provides that a debtor shall make adequate protection payments to a creditor that holds an allowed secured claim. A claim is deemed allowed when the creditor files a proof of claim. See 11 U.S.C. § 501(a).[2] D&K did not file a proof of claim until 115 days after the date of petition. The chapter 13 trustee argues, per force, that D&K cannot be paid adequate protection payments for this 114-day period because it did not have an allowed secured claim during that period.

The argument proves too much. If a creditor filed a proof of claim on the tenth day after the filing of the petition, would that creditor forfeit its right to adequate protection for that ten-day period? The answer is no. Not only would such a rule be fraught with due process problems, it would create accounting costs for the debtor, the creditor and the chapter 13 trustee while providing no discernable benefit to anyone. The imposition of such a rule would, for practical purposes, partially accelerate the claims bar date for secured creditors to the date that the debtor files the petition. Secured creditors would receive less and less of what they are

---

[2] There are exceptions if the case is a chapter 11 case, but they are not applicable here.

entitled to under the Bankruptcy Code for each day after the date of petition that they filed a proof of claim. Indeed, the same logic could be applied to payments to unsecured creditors under a confirmed plan. If a plan provided for payments to unsecured creditors over a sixty month period beginning on the date that the petition was filed, would a creditor who filed his or her proof of claim one month after the date of petition receive only fifty-nine payments even though the claim was timely filed? The answer of course is no.

A proof of claim that is timely filed must be given effect *nunc pro tunc* from the filing date unless the Bankruptcy Code or Rules provide otherwise. In this case D&K filed a timely proof of claim. In the absence of a rule to the contrary, that proof of claim must be given effect from the date of petition.

The chapter 13 trustee also notes that the debtor, in her First Plan, provided that, "[s]hould no allowed claim be filed by secured claimant within 30 days of the date of filing of the Bankruptcy, then no Adequate Protection payment will be made to that creditor." This provision in the First Plan is not relevant to the issue at hand. First, the First Plan was not confirmed and has been withdrawn from consideration by the Debtor. Second, this Court would not knowingly confirm a plan with such a provision because it impermissibly changes the effective claims bar date for certain secured creditors.

Additionally, Paragraph 11 in the First Plan also provided that the payments would be made only if D&K filed an "allowed secured claim[] within the first 30 days of the date of filing of the underlying secured claim that is being paid by the Trustee" pursuant to the First Plan. A fair paraphrase of this sentence is *no adequate protection payments shall be made unless the creditor files an allowed claim within thirty days of filing that same claim.* Any claim that is

filed is also filed within thirty days of the date that that same claim is filed. The sentence is so confusing, and so without restriction, that it necessarily renders non-binding any other claims bar date promulgated in the same paragraph.

Second, the chapter 13 trustee argues that Section 1326(a) does not require the court to direct adequate protection to be paid to a creditor holding collateral that is surrendered to it. On November 23, 2007, the Debtor filed the Third Plan which provided that the Debtor would surrender the Vehicle to D&K in satisfaction of its secured claim.[3] The Third Plan makes no provision for either an adequate protection payment to D&K or a distribution to D&K as a regular plan payment. Because the Vehicle is to be surrendered to D&K under the Third Plan, the chapter 13 trustee argues that "D&K would not be a creditor holding an allowed secured claim for which the obligation is due post-petition. . . . Accordingly there would be no need to provide payments to protect the creditor's interest as suggested by section 1326."

This assertion is not completely accurate. A paragraph in a chapter 13 plan that provides for the surrender of collateral to a secured creditor in satisfaction of the secured claim (whether it is the entire amount of the creditor's claim or some portion of it) simply provides the manner in which the claim is to be treated under the plan. Such a provision in the plan does not extinguish the claim; it does not even reduce the amount of the claim. It only provides how the claim is to be treated under the plan.

When the debtor actually surrenders the collateral pursuant to the plan, the only effect is that the secured claim is paid in full. It means only that the claim has been provided for in the

---

[3] Under the heading "Full Satisfaction (Y/N)", the Debtor typed "No". The implication of this choice does not affect the analysis herein.

plan and the debtor has performed as required under the plan to satisfy the claim. It does not mean that the claim did not exist prior to the surrender of the collateral.[4]

The chapter 13 trustee also argues that D&K would be paid more than necessary to satisfy its secured claim. During the pendency of this case, D&K will received its adequate protection payments and the net proceeds from the sale of the Vehicle. If the Debtor had surrendered the Vehicle before, or shortly after, the petition was filed, D&K would have received only the net proceeds from the sale of the Vehicle. So it would appear that D&K will receive "more than necessary" to pay its secured claim. The problem with this conclusion is that it assumes that the net proceeds from the sale of the Vehicle on the date of petition would have been the same as the net proceeds from the sale of the Vehicle five or six months later. This assumption is incorrect because the Vehicle continued to depreciate after the petition was filed, the fact that forms the basis for requiring debtors to make adequate protection payments to secured creditors.

In this case, the Debtor set the amount of the adequate protection payments at $200.00 per month and made those payments. If that is an accurate estimate of the depreciation rate of the Vehicle, then D&K will receive the same amount of money under either scenario. While perhaps there may now be made an argument that the depreciation rate is less, and the adequate protection payment amount should be less, than $200.00, it is the debtor who sets the amount of the adequate protection payment in the absence of any contemporaneous objection by the creditor or the trustee. In theory, a secured creditor will receive no more if it receives its adequate protection payments until the collateral is surrendered.

---

[4] Whether such a claim may be said to exist in the amount of zero after the collateral is surrendered is not relevant to this discussion.

It must also be noted that, as a matter of policy, the rule urged by the chapter 13 trustee would create an adverse incentive for debtors to file a chapter 13 plan providing for adequate protection payments, make those payments, delay confirmation of the chapter 13 plan, and then file an amended plan that provides for the surrender of the vehicle.   The debtor would be allowed to use the collateral in the interim and would be able to either have the payments returned to him or her or, at the very least have those payments applied toward other claims.   This is not an option intended by the adoption of Standing Order #9.

*The Amount of the Adequate Protection Payments.*   The Debtor states in her October 15, 2007, Notice of Adequate Protection Payments that D&K will be paid $13.00 per month.   As noted the certificate of service indicates that the notice was served pre-petition.   The notice is not valid and is not binding.

The only provision in either the First Plan or the Second Plan, those prior to a pleading indicating that the Debtor intends to surrender the Vehicle,  properly provides for adequate protection payments is found in the Second Plan.  In Paragraph 3.A. of the Second Plan, the Debtor provides for $200.00 monthly payments for 52 months.   Paragraph 3 also provides that "[m]onthly payment stated here shall be the adequate protection payments pursuant to 1326(a)(1)(C) to these creditors unless otherwise provided in paragraph 11 or by separate order of the Court."   It is concluded that the Debtor intended the amount of adequate protection payments to be $200.00 per month.

## *Conclusion*

Because the debtor did not indicate her intent to surrender the Vehicle until November 23, 2007, some 115 days after the date on which the petition was filed, D&K is entitled to all

adequate protection payments actually made to the chapter 13 trustee prior to the date on which the Vehicle was actually surrendered to D&K.

## **ORDER**

The Debtor's chapter 13 plan may only be confirmed if it provides that the chapter 13 trustee shall pay to ABL Company LLC dba D&K Auto Sales all adequate protection payments actually made to the chapter 13 trustee by the debtor for the benefit of ABL Company LLC, but only for each payment that was tendered to the chapter 13 trustee before the date on which the Debtor surrendered the Vehicle to ABL Company LLC.

So ORDERED.

Upon entry of this Memorandum and Order the Clerk shall forward a copy to the chapter 13 trustee, to Darren M. Bentley, Esq., and to Michael P. Regan, Esq., counsel for the debtor.

Entered on this 5th day of February, 2008.

_____
William E. Anderson
United States Bankruptcy Judge